IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Jackson June 6, 2006

## JON DOUGLAS HALL v. STATE OF TENNESSEE/RICKY BELL, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 03C-2887      Hamilton Gayden, Judge**

---

**No. M2005-00572-CCA-R3-HC - Filed July 19, 2006**

---

The petitioner, Jon Douglas Hall, appeals the dismissal of his petition for habeas corpus relief. In this appeal, he alleges that the trial court erred by summarily dismissing his petition without a hearing and that the judgment of conviction is void because the trial court lacked jurisdiction. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and J.C. MCLIN, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for the appellant, Jon Douglas Hall.

Paul G. Summers, Attorney General & Reporter; Elizabeth Ryan, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General, for the appellee, State of Tennessee/Ricky Bell, Warden.

**OPINION**

In 1997, the petitioner was convicted of the first degree murder of his wife, Billie Jo Hall, and sentenced to death. The petitioner's conviction and sentence were affirmed on appeal. See State v. Hall, 8 S.W.3d 593 (Tenn. 1999). On October 10, 2003, the petitioner filed a petition for a writ of habeas corpus relief alleging that because he had not consented to the change of venue from Henderson to Madison County, the trial court lacked jurisdiction to try the case. The trial court summarily dismissed the petition.

In 1994, the petitioner was indicted in Henderson County for the first degree murder of his wife. In June of 1995, the petitioner filed his first motion for change of venue with the Henderson County trial court. The motion was denied in November of 1995. In September of 1996, the petitioner acquired new counsel, who filed a second motion for change of venue. Although the

record on appeal is sparse, the state apparently consented to the venue change and the motion was granted. See Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997) (holding that it is the defendant's duty to prepare an adequate record on appeal); Tenn. R. App. P. 24(b). The petitioner's trial was transferred to Madison County where he was convicted of first degree murder and sentenced to death.

In this appeal, the petitioner asserts that the lower court erred by summarily dismissing his petition and that the judgment is void because Henderson County was the proper jurisdiction. The petitioner specifically argues that he did not consent to the change of venue to Madison County.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than one hundred years. See Ussery v. Avery, 432 S.W.2d at 656, 657 (Tenn. 1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003).

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 443 S.W.2d 839, 840 (Tenn. Crim. App. 1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void judgment "is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired" whereas a voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that the petitioner may relitigate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id. at 633 (emphasis added).

The petitioner argues that the trial court erred in dismissing his habeas corpus petition "without a full and fair hearing." As explained by our high court in Russell v. Willis, 437 S.W.2d 529, 531 (Tenn. 1969), however, "[a] full evidentiary hearing may not be required for every petition for the writ. Unless facts sufficient to establish the void character of the proceedings which led to imprisonment are alleged, an evidentiary hearing is not warranted."

As indicated, the petitioner asserts that he is entitled to habeas corpus relief because "he did not agree to a change of venue and the venue change was contrary to established law and procedure depriving the receiving court of jurisdiction." The record demonstrates that the petitioner filed two motions seeking a change of venue with the Henderson County trial court. The state apparently consented to the second of these motions and the trial court authorized the change to Madison County under Rule 21 of the Tennessee Rules of Criminal Procedure. While the petitioner now claims that his trial counsel did not have his permission to file the second motion, that is not a cognizable claim for habeas corpus relief. See Archer, 851 S.W.2d at 164. In our view, the petitioner has failed to establish that the Madison County trial court was without jurisdiction. Thus, the trial court did not err by dismissing the petition without a hearing.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE